UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EDWARD S. BOPP, ET AL.                    CIVIL ACTION

VERSUS                                    NO: 09-6448

WESTCHESTER SURPLUS LINES                 SECTION: "A" (4)
INSURANCE CO., ET AL.


**ORDER AND REASONS**

Before the Court is a **Motion to Remand (Rec. Doc. 6)** filed by

plaintiffs Edward S. Bopp, Patricia P. Bopp, The Contesta

Apartments, Inc., and Bopp Enterprises No. V, LLC.  Defendant

Westchester Surplus Lines Insurance Co. opposes the motion.  The

motion, set for hearing on October 28, 2009, is before the Court

on the briefs without oral argument.[1]

Westchester has filed a related **Motion to Continue Hearing**

**and To Permit Early Discovery (Rec. Doc. 21)**, which is set for

hearing on November 11, 2009, and which Plaintiffs oppose.

For the reasons that follow, the Motion to Continue Hearing

and To Permit Early Discovery is DENIED and the Motion to Remand

is GRANTED.

**I. BACKGROUND**

-------

[1] Oral argument has been requested but the Court is not
persuaded that oral argument would be helpful in light of the
specific legal issues presented.

1

This is an insurance dispute arising out of a fire that occurred at The Contesta Apartments, which is a historic apartment building located at 1219 Decatur Street in the French Quarter. The building is owned by Bopp Enterprise No. V, LLC, whose members and managers are plaintiffs Edward and Patricia Bopp. (Pet. ¶ IV).

Edward Bopp, Patricia Bopp, and The Contesta Apartments, Inc. are the named insureds on a policy issued by defendant Westchester Surplus Lines Insurance Co. The policy coverage period was from July 3, 2008, through July 3, 2009. The fire at issue occurred on August 13, 2008. The building and contents sustained damage due to fire and the water used by firefighters to extinguish the blaze. (Pet. ¶ VI). Westchester has made payments under the policy totaling $451,322.50 but has denied Plaintiffs' claim for rebuilding costs asserting that such costs are not covered by the policy. (Pet. ¶ IX).

Plaintiffs originally filed this suit in state court seeking additional recovery under the policy as well as penalties and attorney's fees. In addition to suing Westchester on the policy, Plaintiffs have also joined a claim against Timothy J. Gold and Arthur J. Gallagher Risk Management Services, Inc. ("Gallagher"). Gold sold Plaintiffs the Westchester policy and Plaintiffs contend that he convinced them that any rebuilding costs for the Contesta Apartments were covered under the policy. (Pet. ¶ IX). They

2

claim that they relied on his representations and did not seek any other coverage. (Id.). Plaintiffs also allege that they did not receive a copy of their policy until after the fire (Id.). Plaintiffs contend that if the policy does not recover rebuilding costs then Gold is liable for their losses. (Pet. ¶ X). Plaintiffs' claim against Gallagher is based on the doctrine of respondeat superior, such that the company is liable for any negligent acts of its employee Gold. (Pet. ¶ XI).

Westchester removed the case to this Court alleging original jurisdiction grounded on 28 U.S.C. § 1332(a) (diversity jurisdiction). Plaintiffs, Westchester, and Gallagher are all of diverse citizenship and the amount in controversy clearly exceeds $75,000.00. Gold, however, is a Louisiana citizen like Plaintiffs. Westchester alleges that Plaintiffs improperly or fraudulently joined Gold to defeat jurisdiction in federal court. Westchester contends that Plaintiffs have failed to state a claim against Gold on the facts alleged.

Plaintiffs now move to remand the case to state court. Westchester moves to continue Plaintiffs' motion and to allow expedited discovery limited to the fraudulent joinder issue.

## II. DISCUSSION

To remove a case based on diversity jurisdiction, the removing defendant must demonstrate that all of the prerequisites

of diversity jurisdiction contained in 28 U.S.C. § 1332 are
satisfied.  Smallwood v. Illinois Cent. R.R., 385 F.3d 568, 572
(5th Cir. 2004) (en banc).  The doctrine of improper joinder
recognizes that a federal court should not sanction devices
intended to prevent removal where the defendant would otherwise
have that right pursuant to statute.  See id. (quoting Charles
Alan Wright, Fed. Prac. & Pro. § 3641, at 173 (3d ed. 1998)).
Thus, a case lacking complete diversity may be removable where the
removing defendant establishes that the plaintiff has joined a
non-diverse defendant solely for the purpose of defeating federal
jurisdiction.

It is important to note, however, that the plaintiff's motive
or purpose in joining the non-diverse defendant is not relevant to
the improper joinder inquiry.  Smallwood, 385 F.3d at 574.
Rather, the Court's sole inquiry is the inability of the plaintiff
to establish a cause of action against the non-diverse defendant
in state court.[2]  Id. (quoting Travis v. Irby, 326 F.3d 644, 646-
47 (5th Cir. 2003)).  The test turns on whether there is no
possibility of recovery by the plaintiff against the non-diverse
defendant, "which stated differently means that there is no
reasonable basis for the district court to predict that the

---

[2] This circuit also recognizes actual fraud in the pleading
of jurisdictional facts as a second method for establishing
improper joinder but that method is not at issue in this case.
Smallwood, 385 F.3d at 573.

plaintiff might be able to recover against an in-state defendant."
Smallwood, 385 F.2d at 573. In making this determination the
court may conduct a Rule 12(b)(6)-type analysis, testing the
allegations of the complaint to determine whether the complaint
states a claim against the non-diverse defendant under state law.
Id. And there is generally no improper joinder if the plaintiff
can survive a Rule 12(b)(6) challenge. Id. But the court may, in
its discretion, "pierce the pleadings and conduct a summary
inquiry" where the court is convinced that the plaintiff has
misstated or omitted certain facts in his complaint that impact
the improper joinder inquiry. Id.

        The improper joinder analysis requires that the district
court take into account all unchallenged factual allegations in
the light most favorable to the plaintiff. Travis, 326 F.3d at
649 (citing Carrier v. Sears, Roebuck & Co., 893 F.2d 98, 100 (5th
Cir. 1990); Griggs v. State Farm Lloyds, 181 F.2d 694, 699-702
(5th Cir. 1999)). Any contested issues of fact and any
ambiguities of state law are to be resolved in the plaintiff's
favor. Id. (citing Griggs, 181 F.2d at 699). The burden of
persuasion on those who claim fraudulent joinder is a heavy one.
Id. (citing B, Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th
Cir. 1981)).

        Westchester contends that Plaintiffs have no cause of action
against Gold personally. Westchester contends that an agent for a

5

known principal is not personally liable under Louisiana law. Westchester points out that Gold is alleged to have acted as an employee of Gallagher and that he did in fact act in his capacity as a direct employee of Gallagher when dealing with Plaintiffs. Westchester contends that the petition contains no allegation that Gold ever acted outside of his capacity as an employee or that he did anything to personally bind himself.

The Louisiana Supreme Court has long-recognized that an insurance agent who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance requested and to notify the client promptly if he has failed to obtain the requested insurance. <u>Karam v. St. Paul Fire & Marine Ins. Co.</u>, 281 So. 2d 728, 730 (La. 1973). The client may recover from the agent the loss he sustains as a result of the agent's failure to procure the desired coverage if the actions of the agent warranted an assumption by the client that he was properly insured in the amount of the desired coverage. <u>Id.</u> at 730-31 (citations omitted). To recover for losses resulting from such failure, the plaintiff must prove (1) an undertaking or agreement by the insurance agent to procure insurance, (2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed to obtain the insurance, and (3) action by the agent warranting the client's

6

assumption that the client was properly insured. Offshore Prod.
Contrs., Inc. v. Republic Underwriters Ins. Co., 910 F.2d 224,
229-30 (5th Cir. 1990) (citations omitted); Taylor v. Sider, 765
So. 2d 416, 418 (La. App. 4th Cir. 2000) (citing Opera Boats, Inc.
v. Continental Underwriters, Ltd., 618 So. 2d 1084, 1085-86 (La.
App. 1st Cir. 1993)).

Negligent misrepresentation occurs when there is: 1) a legal
duty to provide correct information, 2) breach, and 3) damages
that result from a justifiable reliance on the misrepresentation.
Cameron Parish Sch. Bd. v. State Farm Fire & Cas. Co., 560 F.
Supp. 22 485, 489 (W.D. La. 2008) (citing Abbott v. Equity Group,
Inc., 2 F.3d 613, 624 n.38 (5th Cir. 1993)). The plaintiff must
allege that he was provided with incorrect information to recover
for negligent misrepresentation. Id. (citing Commer. Nat'l Bank
v. Audubon Meadow Partner., 566 So. 2d 1136, 1139 (La. App. 2d
Cir. 1990)).

Momentarily pretermitting Gold's status, it is clear that
Louisiana law recognizes a cause of action against an insurance
agent, albeit under very narrow circumstances. And a claim for
negligent misrepresentation can apply to anyone where the law
imposes a duty to provide correct information. Plaintiffs allege
that Gold convinced them that rebuilding costs were covered under
the policy. (Pet. ¶ IX). They also allege that they relied to
their detriment on those representations. (Pet. ¶¶ IX & X).

7

While an insured is generally responsible for reading his policy and is presumed to know its provisions, <u>Dobson v. Allstate Ins. Co.</u>, No. 06-252, 2006 WL 2078423 (E.D. La. July 21, 2006) (Vance, J.) (citing <u>Motors Ins. Co. v. Bud's Boat Rental</u>, 917 F.2d 199, 205 (5th Cir. 1990); <u>Stephens v. Audubon Ins. Co.</u>, 665 So. 2d 683, 686 (La. App. Ct. 1996)), Plaintiffs herein allege that they did not receive a copy of their policy before the fire damaged the building.  Construing the factual allegations broadly, the Court cannot say that Plaintiffs have no possibility of recovery against Gold.  Gold may ultimately prevail on the merits but that is a question for another day.  For now it suffices to conclude that under the facts alleged this Court would not grant a Rule 12(b)(6) motion in Gold's favor based on the facts alleged.

That said, Westchester's primary argument for purposes of the improper joinder analysis does not focus on the sufficiency of the allegations regarding Gold's allegedly deficient conduct but rather on the insufficiency of the allegations insofar as they do nothing to take Gold outside the status of a mere employee of Gallagher.  But the Court does not view Plaintiffs' petition quite so narrowly.  Plaintiffs dealt directly with Gold who could have been a mere employee of Gallagher or an insurance agent acting outside that employment relationship.  The only clear fact is that Gold had some relationship with Gallagher but at the pleading stage Plaintiffs are not necessarily in the best position to know

the exact contours of that legal relationship.  Thus, as is often the case, they have sued both the insurance agency and the specific employee with whom they dealt.  See, e.g., City BluePrint & Supply Co. v. Boggio, 3 So. 3d 62 (La. App. 4th Cir. 2008).  But just because Plaintiffs have alleged vicarious liability on the part of the agency in the event that Gold is determined to be a mere employee, does not mean that they have waived their claims against Gold personally in the event that he is determined to have been acting in a capacity that would not allow for vicarious liability.  Louisiana law clearly recognizes that a plaintiff can plead in the alternative even where the underlying factual bases would be inconsistent.  La. Code Civ. Pro. 892.  Therefore, the Court does not view Plaintiffs' allegation of vicarious liability against Gallagher to be a concession that Gold was only a mere employee.  And Gold's affidavit that he only acted in his capacity as an employee of Gallagher is nothing more than a self-serving statement of a legal conclusion.  (Rec. Doc. 16 Exh. A).  Notably, the record does not contain a similar statement from Gallagher, the party whose interests regarding the existence vel non of an employment relationship are diametrically opposed to Gold's.

In sum, the Court cannot conclude that Plaintiffs' have no possibility of recovery against Gold or that there is no reasonable basis to predict that Plaintiffs might be able to

recover against Gold. That remains to be seen so there is no improper joinder.

The Court has the discretion to allow limited remand-related discovery if the facts warrant such action. <u>See</u> <u>Boone v. Citigroup, Inc.</u>, 416 F.3d 382, 388 (5th Cir. 2005). The danger of allowing such discovery is the risk that the court moves beyond its jurisdiction and into a resolution of the merits. <u>See</u> <u>Smallwood</u>, 385 F.3d at 574. The Court has seen nothing unique about this case such that it should detain in federal court a case over which it ostensibly lacks jurisdiction.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Continue Hearing and To Permit Early Discovery (Rec. Doc. 21)** filed by defendant Westchester Surplus Lines Insurance Co. is **DENIED**;

**IT IS FURTHER ORDERED** that the **Motion to Remand (Rec. Doc. 6)** filed by plaintiffs Edward S. Bopp, Patricia P. Bopp, The Contesta Apartments, Inc., and Bopp Enterprises No. V, LLC. is **GRANTED**. This case is **REMANDED** to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

November 9, 2009

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE